IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY CO. and STATE FARM MUTUAL ATUOMOBILE INSURANCE CO., | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 15-CV-626-NJR-SCW |
| GENERAL MOTORS, LLC, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."). Plaintiffs assert that this Court has original jurisdiction over the action based on the complete diversity of the parties under 28 U.S.C. § 1332 (Doc. 1). Unfortunately, Plaintiffs' allegations regarding citizenship are insufficient.

The complaint states that Plaintiffs, State Farm Fire and Casualty Co. and State Farm Mutual Automobile Insurance Co., "are both entities of State Farm Insurance, a corporation with its principal place of business . . . [in] Illinois." (Doc. 1). In other words, the complaint attributes the citizenship of State Farm Insurance to the Plaintiffs. The citizenship of a parent company, however, generally is not attributed to its wholly owned subsidiaries or related entities, unless the subsidiary or related entity is the alter

ego of the parent company. *Bond v. Veolia Water Indianapolis, LLC*, 571 F. Supp. 2d 905, 913 (S.D. Ind. 2008); *Goel v. Patni Computer Sys., Inc.*, No. 07-CV-1034, 2008 WL 4185691, at *5 n.1 (C.D. Ill. Sept. 8, 2008); *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 181 F. Supp. 2d 914, 920 n.8 (N.D. Ill. 2002). The simple allegation that Plaintiffs "are both entities of State Farm Insurance" is insufficient to establish that they are the alter egos of State Farm Insurance. Even if that were not true, the allegation regarding the citizenship of State Farm Insurance is incomplete because it identifies the state in which its principal place of business is located but not the state in which it is incorporated. *See Pastor v. State Farm Mut. Auto. Ins. Co*, 487 F.3d 1042, 1047 (7th Cir. 2007).

With regard to Defendant, General Motors, LLC, the complaint alleges only that it "had its principal place of business . . . [in] Michigan." If GM was a corporation, this allegation would be incomplete because, again, it only names the state where the principal place of business is located but not the state in which it was incorporated. According to the complaint, however, GM is not a corporation; it is as a limited liability company ("LLC"). The citizenship of an LLC for diversity purposes is the citizenship of each of its members. *See, e.g., Copeland v. Penske Logistics, LLC*, 675 F.3d 1040, 1043 (7th Cir. 2012). "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

Accordingly, Plaintiffs are **ORDERED** to file a first amended complaint, on or before **July 1, 2015**, clearly setting forth all of the information needed to determine

whether jurisdiction lies in this Court.

**IT IS SO ORDERED.**

**DATED: June 10, 2015**

<u>s/ Nancy J. Rosenstengel</u>
**NANCY J. ROSENSTENGEL**
**United States District Judge**
