IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY CO. and STATE FARM MUTUAL ATUOMOBILE INSURANCE CO., <br><br> Plaintiffs, <br><br> vs. <br><br> GENERAL MOTORS, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) Case No. 15-CV-626-NJR-SCW ) ) ) ) ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiffs State Farm Fire and Casualty Co. and State Farm Mutual Automobile Insurance Co. filed this case on June 6, 2015, based on diversity jurisdiction under 28 U.S.C. § 1332 (Doc. 1). Shortly thereafter, the Court entered an order informing Plaintiffs that the jurisdictional allegations regarding the citizenship of the parties were insufficient and directing Plaintiffs to file an amended complaint (Doc. 7). Plaintiffs filed an amended complaint (Doc. 8); however, the jurisdictional allegations remain defective.

To properly allege a corporation's citizenship for the purposes of diversity jurisdiction, "[t]he state of incorporation and the principal place of business must be alleged." *McMillan v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 845 n.10 (7th Cir. 2009); *see also* 28 U.S.C. § 1332(c)(1). In the amended complaint, Plaintiffs state that they

> are both entities of State Farm Insurance, a corporation with its principal place of business located at One State Farm Plaza, Bloomington, Illinois 61710. State Farm Mutual Automobile Insurance Company is organized

under the laws of the State of Illinois. State Farm Fire and Casualty Company is a wholly owned subsidiary of State Farm Mutual Automobile Insurance Company and is also organized under the law of the state of Illinois (Doc. 8).

The amended complaint is an improvement over the original in that it alleges Plaintiffs were organized under the laws of Illinois. But the amended complaint still says nothing about the location of each Plaintiffs' respective principal place of business. Instead, the amended complaint simply provides the principal place of business for "State Farm Insurance." As mentioned in the previous Order—and made crystal clear now—"State Farm Insurance" is not a party to this lawsuit, and therefore, its principal place of business is wholly irrelevant unless Plaintiffs also provide information enabling the Court to determine that they are the alter egos of "State Farm Insurance," which they did not do (Doc. 7). Accordingly, Plaintiffs must file a second amended complaint that properly alleges both the state of incorporation and the principal place of business for each Plaintiff.

The Court is not pointing out Plaintiffs' errors "merely for the sake of hyper technical jurisdictional purity." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837 (1989). It is because the Seventh Circuit has repeatedly warned district courts to ensure that subject matter jurisdiction is properly pleaded. *See, e.g., Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (lamenting that litigants and judges all too often "disregard their first duty in every suit: to determine the existence of subject matter jurisdiction"); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691,

692 (7th Cir. 2003) ("Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money."); *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.") As the party seeking to invoke federal jurisdiction, Plaintiffs "[bear] the burden of demonstrating that the requirements for diversity are met." *Smart v. Local 702 Intern. Broth. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). Their jurisdictional allegations, standing alone, must establish that diversity jurisdiction exists. The Court will not read between the lines or make assumptions regarding the citizenship of any party.

Consequently, Plaintiffs are **ORDERED** to file a second amended complaint, **on or before July 7, 2015**, that properly establishes diversity jurisdiction.

IT IS SO ORDERED.

DATED:   June 23, 2015

                                                                 **s/ Nancy J. Rosenstengel**
                                                                  **NANCY J. ROSENSTENGEL**
                                                                 **United States District Judge**